IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DR. MARK D. REID,<br>    Plaintiff, | : : : | |
| v. | : : | CIVIL ACTION NO. 23-CV-4818 |
| NIDIA LUNA,<br>    Defendant. | : : : | |

**MEMORANDUM**

**BAYLSON, J.**                                                                                                              **DECEMBER 18, 2023**

Currently before the Court is a "Request for Jurisdictional Exception and Complaint for Annulment or Divorce" filed by Plaintiff Mark D. Reid against his wife Nidia Luna, seeking annulment of his marriage or a divorce from Luna and/or this Court's intervention in state divorce proceedings filed against him by Luna. (ECF No.2 ("Compl.").)  Reid seeks to proceed *in forma pauperis*.  For the following reasons, the Court will dismiss this case for lack of subject matter jurisdiction and will deny Reid's Motion to Proceed *In Forma Pauperis* as moot.

"It is fundamental that federal courts must have subject matter jurisdiction before reaching the merits of a case."  *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 34 (3d Cir. 2018).  Indeed, the Federal Rules of Civil Procedure require the Court to dismiss any claims over which it lacks subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3).  "Jurisdictional [issues] . . . may be raised at any time and courts have a duty to consider them *sua sponte*." *Wilkins v. United States*, 598 U.S. 152, 157 (2023) (internal quotations omitted).  As Reid is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

Reid asks the Court to exercise diversity jurisdiction over divorce proceedings pursuant to 28 U.S.C. § 1332(a)(1) because he and his wife are citizens of different states and the amount in controversy exceeds $75,000. (Compl. at 1-2.) However, "the domestic relations exception, as articulated by [the Supreme] Court since *Barber* [*v. Barber*, 62 U.S. 582 (1858)], divests the federal courts of power to issue divorce, alimony, and child custody decrees." *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992); *Matusow v. Trans-Cnty. Title Agency, LLC*, 545 F.3d 241, 245 (3d Cir. 2008) (The modern rule, as expressed in *Ankenbrandt,* provides "that the domestic relations exception encompasses only cases involving the issuance of a divorce, alimony, or child custody decree"). Accordingly, it is apparent from the face of the Complaint, which seeks "either annulment of marriage . . . or emergency divorce with sanctions," (Compl. at 1; *see also id.* at 34), that the Court lacks subject matter jurisdiction over this action. That is so regardless of any alleged deficiencies Reid claims have occurred in connection with the state court's handling of his wife's divorce petition. Furthermore, the Anti-Injunction Act prohibits federal courts from interfering with state court proceedings, such as the divorce proceeding filed against Reid by Luna. *See In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 314 F.3d 99, 103 (3d Cir. 2002) (The Anti-Injunction Act "prohibits injunctions having the effect of staying proceedings in state courts except 'as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.'" (quoting 28 U.S.C. § 2283)); *Szymonik v. Connecticut*, 807 F. App'x 97, 100 (2d Cir. 2020) (holding that judgments in state divorce proceeding should remain in place without federal court interference in accordance with the Anti-Injunction Act because "no federal statute authorizes the federal courts to enjoin the state proceedings, nor would such an injunction be necessary to aid the district court's jurisdiction or to protect or effectuate its prior judgments"); *Collins v. Dallas Cnty.,*

*Texas*, No. 18-1558, 2019 WL 148455, at *3 (D. Del. Jan. 9, 2019) (Anti-Injunction Act barred court from interfering with divorce proceedings); (Compl. at 12 (requesting that this Court "intervene in this divorce case and grant [Reid] an annulment or divorce"); *id.* at 29-30 (claiming that Reid suffered a "severe injustice" that "will continue if his divorce case is left to boil him alive in the lower court."); *id.* at 30 (requesting that this Court "intervene [in the state proceeding and] make a jurisdictional exception" in his case).)

      Although the Court will dismiss Reid's case, the dismissal is without prejudice to him pursuing his claims in state court, where jurisdiction is proper.  The Motion to Proceed *In Forma Pauperis* will be denied as moot.  A final order follows that dismisses this case, and which shall be entered separately in accordance with Federal Rule of Civil Procedure 58.

                              **BY THE COURT:**

                              /s/ Michael M. Baylson

                              _____

                              **MICHAEL M. BAYLSON, J.**